Coastal Tank Lines, Inc. et al., Appellants, *v.*
Pennsylvania Public Utility Commission.

Argued June 15, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

*Paul F. Barnes,* with him *Robert H. Shertz, Raymond A. Thistle, Jr.,* and *Shertz, Barnes & Shertz,* for protestants, appellants.

*Edward Munce,* Assistant Counsel, with him *Thomas M. Kerrigan,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*John A. Reilly,* with him *Francis J. Catania,* for applicant, intervening appellee.

OPINION BY RHODES, P. J., September 16, 1960:

These appeals are by protestants, Coastal Tank Lines, Inc., E. Brooke Matlack, Inc., and Leaman Transportation Company, from an order of the Pennsylvania Public Utility Commission. The order granted additional rights to applicant, Florence Murphy, t/d/b/a F. Brower, as follows: "To transport, as a class D carrier, oil and oil products, in bulk in tank trucks and tank trailers, from refineries, terminals and bulk plants in the City and County of Philadelphia and within 30 miles thereof to points in said territory."

Applicant holds a certificate from the Public Utility Commission granting her the limited right to transport, by motor vehicle, oil and oil products in bulk in tank trucks and tank trailers (1) from the Socony-Vacuum Oil Company, Inc., refinery in the City of Philadelphia to three specific consignees in Delaware County; and (2) from all refineries in and within twenty miles of the City of Philadelphia to a consignee in Montgomery County, and two consignees in Philadelphia County.

By application dated September 24, 1959, the applicant applied for the additional right to render such

service from all refineries, terminals, and bulk plants in and within thirty miles of the City of Philadelphia to points in said territory. Protests to the application were filed by Coastal Tank Lines, Inc., E. Brooke Matlack, Inc., Leaman Transportation Company, and Chemical Tank Lines, Inc., on the ground that there was no need for such service beyond that which was being provided.

Following a hearing, the commission entered a short form order, dated February 8, 1960, granting applicant the additional authority requested, whereupon Coastal Tank Lines, Inc., E. Brooke Matlack, Inc., and Leaman Transportation Company appealed to this Court from said order. Upon petition the Court remanded the record to the commission which, on May 16, 1960, entered the long form order before us. Upon application a supersedeas was granted.

Appellants question the commission's order granting these additional rights to applicant on the ground that no evidence was introduced showing public necessity for additional service and inadequacy of existing service. In order to obtain the additional authority sought the burden of proof was upon the applicant to establish these facts. *Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission*, 182 Pa. Superior Ct. 54, 60, 125 A. 2d 624. In its order the commission made no finding on the issues as to the need for the proposed additional service by applicant and the inadequacy of existing service. The commission apparently based the grant of additional authority on alternative premises as to the possible inadequacy of protestants' service. The commission's conclusions were purely speculation and unsupported by evidence. The commission in its order stated: "The issue in this case is simple. Applicant has a relatively small operation already in competition with the three large protestants,

and has insufficient business to keep her vehicles fully occupied. Enlarging her present rights will, if protestants are giving insufficient priority to their small customers, tend to benefit those customers. On the other hand, if protestants' service is all they contend it is, such excellence should preserve them immune from applicant's competitive efforts and applicant will derive no real benefit from the additional rights which she sought. Further, in the latter event, the fact that applicant has such additional rights should serve as a stimulus to protestants to persevere in rendering impartially excellent service to all customers large and small alike. In either case, the public generally will benefit, and it is our duty primarily to consider the general public and only secondarily to preserve certificated carriers from competition; . . ." As to "public interest," see *Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission*, supra, 182 Pa. Superior Ct. 54, 64, 125 A. 2d 624.

No issue had been created by conflicting evidence. In fact, there is no substantial evidence to support the order of the commission. Therefore, the question of competition does not arise.[1] *Follmer Trucking Company v. Pennsylvania Public Utility Commission*, 189 Pa. Superior Ct. 204, 215, 150 A. 2d 163.

In support of the application, applicant testified that she had received requests to render the service for which she applied, but she declined to name the individuals who sought this service. She did testify that she had the ability to render the proposed service. One

---

[1] There being no evidence of need for the proposed service and inadequacy of existing service, the question of the extent of competition calling for the exercise of administrative discretion was not before the commission. Under the established law the commission cannot grant additional authority for the sole purpose of creating competition and without reference to need or inadequacy.

of applicant's witnesses was Robert Stein who was an employe of National Heat and Power Company since July, 1959. He gave no specific testimony on behalf of his present employer as to the need for the proposed service or the inadequacy of existing service. His present employer has its own fleet of twenty-three vehicles, and had not used protestants' service as far as the witness knew. The only other witness called by applicant was William Laycock who was the plant manager for Allied Oil Company. He testified that Allied did its own hauling, and seldom called upon outside haulers; that no outside hauler had been used or needed by Allied for the past two years.

The order of the commission granting the additional authority sought in this proceeding by applicant must be set aside as wholly unsupported by substantial evidence or such evidence as a reasonable mind might accept as adequate to support a conclusion. *Modern Transfer Company v. Pennsylvania Public Utility Commission,* 179 Pa. Superior Ct. 46, 52, 115 A. 2d 887.

The fact that applicant refused to name the shippers who may have made requests denied the protestants the right to effectively cross-examine applicant concerning these requests. Because of this protestants would be denied effective means to attempt to question applicant's veracity as well as to rebut her testimony. The testimony of Robert Stein was his personal opinion without accompanying data. His present employment did not involve the transportation phase of his company's business. The testimony of William Laycock lacked probative value, as he admitted that his company had no occasion to employ outside carriers for the past two years. These two witnesses were not representing companies which could claim that existing services were inadequate.

The order of the commission is reversed.